PAISLEY *v.* UNITED PARCEL SERVICE, INC.

TORTS — NUISANCE — NEGLIGENCE — LEASED PREMISES — CONTROL
OF OWNER.
> Only the lessee can be held liable for injury resulting from improper use of the premises he leases; therefore summary judgment granted in favor of owner who leased his property to another against a third party who was injured on the property was proper where the complaint did not allege the presence of a dangerous condition constituting a nuisance at the time the lease was executed, but only alleged improper use of the premises.

Appeal from Lenawee, Martin (Rex B.), J.   Submitted Division 2 November 15, 1968, at Lansing. (Docket No. 5,108.)   Decided November 26, 1968.

Complaint by Richard L. Paisley and Lillie Paisley, as guardian of Mary Paisley, a minor, against United Parcel Service, Inc., an Ohio corporation, for negligent operation of a motor vehicle.   Third-party complaint by United Parcel Service, Inc., against Gulf Oil Corporation, Revco, Inc., and Carleton Holtz for contribution.   Motion of Gulf Oil Corporation and Revco, Inc., for summary judgment granted.   Motion of United Parcel Service, Inc. for rehearing to amend its third-party complaint to allege nuisance denied.   United Parcel Service appeals.   Affirmed.

REFERENCE FOR POINTS IN HEADNOTE
39 Am Jur, Nuisances § 33.

*Johnson, Campbell & Moesta,* for third-party plaintiff United Parcel Service.

*Badgley, Domke, McVicker & Marcoux,* for third-party defendant Gulf Oil Corporation.

Per Curiam. Plaintiffs' daughter was injured by a United Parcel truck on a parking lot owned by Gulf Oil Corporation and leased by defendant Holtz as a gasoline service station. United had just finished delivery at a loading dock of Revco next door and the truck was being driven across Gulf's property when the accident occurred.

United filed a third-party complaint against Gulf and its lessee (after plaintiff had sued United). United sought contribution by alleging that Gulf knew that children played in the area and that no precautions were taken.

Gulf filed a motion for summary judgment, based on failure to state a claim, no issue of material fact, and lack of control of the premises. The motion was granted. United filed a motion for rehearing to amend its complaint, alleging "nuisance". The court denied it as not curing the defect of lack of control in Gulf.

United appeals, alleging error, stating that a cause of action does exist against an owner of real property which has been leased and further that the court should have allowed an amendment to the third-party complaint to specifically set forth "nuisance".

United does not challenge the court's findings that Gulf has no right of control over the premises so summary judgment was properly granted in its favor on the negligence count. However, if United properly pleaded nuisance against Gulf, lack of control will not protect it from liability in view of the

holding in *Bluemer* v. *Saginaw Central Oil & Gas Service, Inc.,* (1959), 356 Mich 399.

Neither the original nor the amended third-party complaint alleges a dangerous condition on the premises at the time the lease was executed. Rather, they both allege improper use of the premises. Under this Court's holding in *Dora* v. *Kroger Company* (1965) 1 Mich App 286, only the lessee can be held liable for injuries resulting from the use of the premises. Summary judgment in Gulf's favor was proper.

Affirmed. Costs to appellees.

FITZGERALD, P. J., and R. B. BURNS and ROBINSON, JJ., concurred.