CRABTREE *v.* VESCIO'S, INC.

1. NEGLIGENCE — LESSOR — LESSEE — DIRECTED VERDICT — DAN-
GEROUS CONDITION.
A directed verdict was properly granted where defendant-ap-
pellant, lessee of a building, failed to show that third-party
defendant, lessor of the building, had constructed a defective
or dangerous condition, and where no presumption arose to that
effect.

2. NEGLIGENCE—LESSOR—LIABILITY.
A lessor who has retained neither possession nor control of
the premises cannot be held liable for an injury to an
invitee of the lessee, where it is not shown that the condition
causing the injury existed before the making of the lease.

Appeal from Jackson, Charles J. Falahee, J.
Submitted Division 2 December 5, 1969, at Lansing.
(Docket No. 7,029.)  Decided December 8, 1969.

Complaint by Ralph Crabtree against Vescio's
Inc., for damages resulting from an injury received
when plaintiff stepped into a hole in defendant's
store.  Enterprise Realty and Investment Company
joined as a third-party defendant.  Verdict and
judgment for plaintiff, and directed verdict for
third-party defendant.  Defendant appeals from the
judgment on the directed verdict.  Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 32 Am Jur, Landlord and Tenant §§ 671–676.
[2] 32 Am Jur, Landlord and Tenant § 665.

*Badgley, Domke, McVicker & Marcoux* (*Jerome A. Susskind,* of counsel), for defendant Vescio's Inc.

*Robert A. Sullivan* (*Patrick A. Heck,* of counsel), for third-party defendant Enterprise Realty and Investment Company.

Before: FITZGERALD, P. J., and BRONSON and T. M. BURNS, JJ.

PER CURIAM.   Plaintiff Crabtree sustained an injury to his foot in October, 1966, when he stepped into a 4' x 4' x 20" deep hole in defendant Vescio's store.  The building housing the store had been built in 1956 by defendant Enterprise Realty and leased, first to National Foods, and, in June, 1966, to Vescio's.  Plaintiff commenced his action against Vescio's, and Enterprise Realty was joined as a third-party defendant.  Trial was had in the Jackson County Circuit Court.  A motion for directed verdict of no cause of action was granted to third-party defendant Enterprise, and a jury verdict returned in favor of plaintiff against defendant Vescio's in the amount of $33,000.

A motion made by defendant Vescio's for new trial and *remittitur* was denied.  Defendant Vescio's now brings this appeal from the decision granting a directed verdict.

Defendant-appellant contends that mere proof of construction of the building here is sufficient to place the question of liability in the hands of the jury. Without a showing by defendant Vescio's that the defective condition was constructed by defendant Enterprise Realty or that Enterprise was aware that a defective or dangerous condition existed, the applicable case law has held that a directed verdict is properly granted. *Dora* v. *Kroger Company*

(1965), 1 Mich App 286, and *Paisley* v. *United Parcel Service* (1968), 14 Mich App 301.

The agreement of June, 1966, between Vescio's and Enterprise was an assignment of an existing lease from Enterprise to National Foods. The condition thus must be shown to have existed prior to 1956, when the earlier agreement was made. Defendant-appellant has failed to make such a showing. Defendant-appellant failed to show that Enterprise had constructed a defective or dangerous condition, and no presumption arose to that effect. There was thus insufficient evidence on the question of liability to warrant the submission of the matter to the jury.

The trial court here properly found that a lessor who has retained neither possession nor control of the premises cannot be held liable for an injury to an invitee of the lessee. A directed verdict was correctly granted for third-party defendant Enterprise Realty.

Affirmed.