PAISLEY *v* UNITED PARCEL SERVICE, INC

1. CONTRIBUTION—BASIS OF ACTION—STATUTES.

An action for contribution is based solely on statute; at common law, tortfeasors were allowed no right of contribution (MCLA 600.2925[1]).

2. CONTRIBUTION—ELEMENTS—JOINT TORTFEASORS.

Denial of third-party defendant's motion for summary judgment was improper where the complaint of defendant third-party plaintiff asking for contribution did not allege that the third-party defendant was a joint tortfeasor with defendant third-party plaintiff, but instead set forth potential liability of the third-party defendant to the plaintiffs under a different cause of action.

3. CONTRIBUTION—JOINT TORTFEASORS.

Only joint tortfeasors, not severally-liable tortfeasors (except liability insurers), may have contribution under the statute providing for contribution between joint tortfeasors in certain cases (MCLA 600.2925).

4. TORTS—JOINT TORTFEASORS—DEFINITION.

The term "joint tortfeasors" does not refer to wrongdoers, the liabilities of whom arise out of variant legal positions which make them *severally* responsible to the plaintiff for damages,

REFERENCES FOR POINTS IN HEADNOTES

[1] 18 Am Jur 2d, Contribution §§ 64, 77, 96.
[2–4] 18 Am Jur 2d, Contribution §§ 33–39.
Uniform Contribution Among Tortfeasors Act. 34 ALR2d 1107.

nor to acts or omissions of several who act independently rather than in concert, nor to those who may be joined as defendants *by the plaintiff* and held responsible for damages sustained by plaintiff because of defendant's causally co-operating in nonjoint acts or omissions.

Appeal from Lenawee, Rex B. Martin, J. Submitted Division 2 November 9, 1971, at Lansing. (Docket No. 10555.) Decided February 23, 1972.

Complaint by Richard L. Paisley and by Lillian Paisley, as guardians of Mary Paisley, a minor, against United Parcel Service, Inc., for damages for negligent operation of a motor vehicle. Third-party complaint by United Parcel Service against Carleton Holtz for contribution. Third-party complaint by Carleton Holtz against Revco, Inc., for contribution. Verdict and judgment for United Parcel against Holtz and for Holtz against Revco. Carleton Holtz appeals. Reversed.

*Johnson, Campbell & Moesta,* for third-party plaintiff United Parcel Service, Inc.

*Rosenburg, Painter, Stanton & Bullen* (by *Terry J. Klaasen*), for third-party defendant Carleton Holtz.

Before: McGregor, P. J., and Fitzgerald and Quinn, JJ.

McGregor, P. J. This case is a familiar one by now, as it reaches us for the fourth time, in what is hopefully the last of its many journeys through the appellate machinery. Though the facts are, in substance, uncommonly simple, a barrage of legal maneuvers has rendered the case uncommonly confused. What began as a simple motor vehicle negligence

case has ascended to the complexities of a multi-faceted action for contribution.

On September 2, 1965, Mary Paisley, then a three-year-old child, was playing in back of a gasoline service station owned by Gulf Oil Corporation and leased by Carleton Holtz, when a delivery truck owned by United Parcel Service and driven by John Michelin arrived to do business with Revco. Michelin drove east through an alley, paused, and backed his truck up to a loading dock behind the Revco building. As he did so, he noticed Mary Paisley playing in the area behind Holtz' service station. This area, along with the paved apron to the loading dock, also belonged to Gulf Oil Corporation and was leased by Carleton Holtz. As Michelin loaded his parcels into the truck, he noticed Mary Paisley near the truck, whereupon he told her to get away from the truck. Having completed his loading, Michelin entered the cab of the truck and proceeded to make an entry in his logbook regarding the packages he had loaded. During the nearly 45 seconds it took him to do this, he did not observe Mary Paisley. When he started to drive away he did not see her or her tricycle. The truck moved about one length before he stopped and discovered Mary on the pavement under his truck. Mary received extensive injuries.

Plaintiffs commenced action against United Parcel Service on October 31, 1966, alleging negligence in the operation of the truck. Defendant United Parcel answered by way of general denial and counter-claimed for contribution, based on negligent supervision of Mary Paisley. Plaintiffs responded, asserting that the negligence of defendant United Parcel was "the sole and proximate cause of the injuries sustained by Mary Paisley".

Defendant United Parcel Service then filed a third-party complaint for contribution against Gulf Oil Corporation, Carleton Holtz, and Revco, Incorporated, setting forth in substance the theory of attractive nuisance. Gulf Oil Corporation moved for summary judgment, based on its lack of control of the premises involved. The trial court entered such summary judgment, which was affirmed on appeal. *Paisley* v *United Parcel Service, Inc,* 14 Mich App 301 (1968). Revco, having likewise moved for summary judgment, based on lack of control of the premises, was granted such judgment by the trial court, which was affirmed on appeal. *Paisley* v *United Parcel Service, Inc,* 17 Mich App 672 (1969).

In the interim, Carleton Holtz had moved for summary judgment, based on the assertion that plaintiffs' complaint did not allege concurrent or joint negligence and, therefore, defendant-third-party plaintiff United Parcel Service had not alleged facts sufficient to state a cause of action for contribution. This motion was denied. Holtz then filed a third-party complaint against Revco, alleging a joint tortfeasor claim for contribution. Revco moved for summary judgment on Holtz' third-party complaint for failure to state a cause of action. The trial court denied Revco's motion.

To recapitulate, the result of the foregoing procedures produced the following:

(1) Richard Paisley and Lillian Paisley, as guardians of Mary Paisley, a minor v. United Parcel Service, Inc. (for simple negligence in the operation of their truck).

(2) United Parcel Service, Inc. v. Carleton Holtz (for contribution as joint tortfeasor).

(3) Carleton Holtz v. Revco, Inc. (for contribution as joint tortfeasor).

At this juncture, defendant-third-party plaintiff United Parcel Service entered into and satisfied a $13,000 consent judgment with plaintiffs. Holtz and Revco then moved for summary judgment, based on the consent judgment. The trial court denied both motions. (Leave to appeal was denied to both Holtz and Revco by the Court of Appeals on May 25, 1970.) Holtz also moved for a summary judgment, based on defendant-third-party plaintiff's second amended complaint. This motion was denied.

When the case proceeded to trial, only the claims of United Parcel Service and Carleton Holtz for contribution remained in issue. The jury returned a verdict in favor of defendant-third-party plaintiff United Parcel Service against third-party defendant Carleton Holtz, and in favor of third-party plaintiff Holtz against third-party defendant Revco. Holtz then moved for judgment notwithstanding the verdict or a new trial. The trial court denied both motions. Third-party-defendant-third-party-plaintiff Holtz brings this appeal as of right.

The basic issue on appeal is whether the trial court erred in denying third-party defendant Holtz' motion for summary judgment, based on defendant-third-party plaintiff's second amended complaint.

The third-party complaint by United Parcel Service is a complaint for *contribution*. The fact that this second amended third-party complaint may set forth a cause of action on behalf of the initial plaintiffs does not dispose of third-party defendant's motion for summary judgment. In order to withstand a motion for summary judgment, this second amended third-party complaint by United Parcel Service must set forth a cause of action for contribution.

The action for contribution is founded solely on statute, for at common law, tortfeasors were allowed no right of contribution. MCLA 600.2925(1); MSA 27A.2925(1), provides:

"Whenever a money judgment has been recovered jointly against 2 or more defendants in an action for bodily injury or death resulting therefrom, or property damage, and such judgment has been paid in part or in full by 1 or more of such defendants, each defendant who has paid more than his own pro rata share is entitled to contribution with respect to the excess so paid over and above the pro rata share of the defendant or defendants making such payment. Joint tort-feasors who are summoned in as third party defendants pursuant to court rule may likewise be liable for contribution. No person may be compelled to pay to any other defendant an amount greater than his pro rata share of the entire judgment."

Third-party defendant Holtz was in fact summoned pursuant to GCR 1963, 204.1(1), as provided in the above-quoted statute. It is clear that the liability, if any, of third-party defendant Holtz to third-party plaintiff United Parcel is for contribution.

A careful reading of defendant-third-party plaintiff's second amended complaint reveals that this complaint sets forth potential liability of third-party defendant Holtz to plaintiffs, yet fails to allege that third-party defendant Holtz is a joint tortfeasor with United Parcel Service. This cause of action delineated in the third-party complaint appears to be one of attractive nuisance. Noteworthy is the fact that the initial complaint by plaintiffs against defendant-third-party plaintiff was founded on automobile negligence, not attractive nuisance. Thus, while plaintiffs might have

sued United Parcel Service and Holtz jointly on an attractive nuisance theory (which may have opened the door for a contribution claim), the fact remains that they did not.

Essential to the success of the second amended third-party complaint is a specific allegation of joint tortfeasor status or an allegation of facts giving rise to such an inference.

In *Moyses* v *Spartan Asphalt*, 383 Mich 314, 331-332 (1970), the Supreme Court considered the language of MCLA 600.2925; MSA 27A.2925, and stated:

"Presumably the 1939 draft was before the Legislature and its drafting committee when the purposeful phrasing of the 1941 act was written up and enacted. The same must have held true of the 1955 draft when the RJA was written and enacted in 1961. Certainly the Michigan decisions cited *post* must have been at hand, particularly *Geib* v *Slater,* the then most recent dissector of § 2925's immediate prototype, the act of 1941. From all this it must be assumed that the employment of 'joint tortfeasors,' appearing as it does four times in § 2925, was both advertent and exclusive of what in (3) of § 2925 was permitted in favor of liability insurers only, that is, contribution arising out of a judgment against persons 'jointly *or* severally liable.' In veritable sum, 'joint tortfeasors' only, not other grades or types of severally liable tortfeasors, may upon third-party discretion of the court have contribution under the second sentence of § 2925(1). This follows, the Court having found it unnecessary to decide, in *Morgan* v *McDermott* (1969), 382 Mich 333, whether § 2925, with or without permitted impleader, was intended to provide the *substantive* right of contribution between and among joint tortfeasors.

"When one speaks specifically of *joint tortfeasors,* he does not refer (a) to wrongdoers the liabilities

of whom arise out of variant legal positions, the concurrently applied but legally different derelictions of whom make them *severally* responsible to the plaintiff in damages, or (b) to the acts or omissions of several who act independently rather than in concert, or (c) to those who may—under present rules of court—be joined as defendants, *by the plaintiff* (see GCR 1963, 206), and held responsible to him for damages sustained on account of their causally cooperating but non-joint acts or omissions, say by the negligence of one, the violation of a statute like the dramshop act by another, and the breach by still another of an express or legally implied warranty. See the exhaustive opinion Judge LEVIN recently prepared for *Duncan* v. *Beres* (1968), 15 Mich App 318, and the exemplary cases of *Virgilio* v. *Hartfield* (1966), 4 Mich App 582, *Boucher* v. *Thomsen* (1950), 328 Mich 312, *Geib* v. *Slater* (1948), 320 Mich 316 and *Detroit, G. H. & M. R. Co.* v. *Boomer* (1916), 194 Mich 52."

The Court in *Moyses* simply overruled "the remnants of Michigan's common-law rule which—loosely—had barred 'wrongdoers' from the equitable right of contribution where, by the standards of equity, that right exists generally". 383 Mich 314, 329. The Court caused its holding to be retroactive to include any claims for contribution having arisen on or after August 12, 1969. Defendant-third-party plaintiffs' cause of action for contribution matured on March 20, 1969, with the satisfaction of the $13,000 consent judgment. Thus, the general common-law bar to contribution was applicable to the instant case and only such contribution as was allowed by MCLA 600.2925; MSA 27A.2925 was available to third-party plaintiff.

The language of *Moyses, supra,* clearly points to the conclusion that United Parcel Service and Carleton Holtz were not joint tortfeasors. As such,

no contribution was available upon the second amended complaint of third-party plaintiff United Parcel Service.

The trial court should have granted third-party defendant Holtz' motion for summary judgment.

Reversed.

All concurred.