Foster, Swift, Collins & Coey, John L. Collins, James D. Adkins, Lansing, Mich., for defendant.

**BUCKEYE UNION INSURANCE COMPANY, an Ohio Insurance Corporation, Subrogee of Colgan Electric Company, an Ohio Corporation, Plaintiff,**

v.

**LENAWEE COUNTY ROAD COMMISSION, Defendant.**

Civ. A. No. 81–60111.

United States District Court, E. D. Michigan, S. D.

June 4, 1982.

### ORDER

JOINER, District Judge.

Before the court is defendant's motion to dismiss. Plaintiff brought this action for contribution under MCLA 600.2925a, claiming a right to recovery under MCLA 691.-1402, the defective highway statute.

Plaintiff, as subrogee to the rights of its insured, Colgan Electric Company (Colgan), sought recovery of defendant in the amount of a settlement made on behalf of Colgan in a case filed in the Common Pleas Court of Lucas County, Ohio. Colgan Electric was sued by Mabel, Lawrence, and Debbie Hau-

ser as a result of a September 18, 1978 automobile accident which occurred in Lenawee County and involved a vehicle driven by a Colgan employee. Plaintiff settled the lawsuit for $275,000.00 on behalf of its insured and now seeks recovery of the defendant. Plaintiff alleges that the highway upon which the accident occurred was negligently maintained and repaired by defendant.

The statute under which plaintiff seeks recovery, MCLA 691.1402, provides:

> Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency.

In its motion to dismiss, defendant argues that in settling the underlying lawsuit plaintiff obtained a release which extinguished the liability of its insured but which failed to extinguish the liability of the Lenawee County Road Commission (Road Commission). Defendant asserts that plaintiff's failure to obtain a release of the Road Commission precludes plaintiff from seeking contribution.

Defendant relies upon MCLA 600.-2925a(3)(a) which provides:

> A tort-feasor who enters into a settlement with a claimant is not entitled to recover contribution from another tort-feasor if any of the following circumstances exist: (a) The liability of the contributee for the injury or wrongful death is not extinguished by the settlement.

The release entered into between the Hausers and Colgan states, in part:

> It is expressly understood and agreed that this covenant shall and does not inure to the benefit of any other person, firm or corporation other than said Colgan Electric Company, its principals, agents, successors and assigns, and said Christopher O. Martin, his heirs, executors and administrators, and said sum is accepted by us only in partial satisfaction of the claims set forth and contained in the aforesaid suit.

At the hearing on the motion, plaintiff stipulated that its claim was not one for indemnification, and represented to the court that the only theory upon which it sought recovery was contribution.

In spite of the clear language of MCLA 600.2925a(3)(a) which precludes contribution where the common liability of the contributee has not been extinguished by the settlement, and notwithstanding the clear language of the "covenant to cease suing", which fails to extinguish the Road Commission's liability, the plaintiff seeks to have the court find that the literal language of the Act is inconsistent with the public policy underlying Michigan's contribution statutes.

Plaintiff argues that the 1974 amendments to the contribution statutes make it inequitable to apply the literal language of the total extinguishment provision of MCLA 600.2925a(3)(a). Plaintiff asserts that the new contribution provisions permit a nonsettling co-tortfeasor, when sued by the primary plaintiff, to interpose as a set-off the settlement received by the primary plaintiff from the settling party. However, the new provisions bar the nonsettling co-tortfeasor from seeking contribution from the settling co-tortfeasor if the nonsettling party received notice of the proceedings and yet failed to participate in the settlement. MCLA 600.2925d. Accordingly, plaintiff argues that the recent revisions are designed to promote settlements and vitiate the harsh requirement of extinguishment under MCLA 600.2925a(3)(a). Plaintiff asserts that it is inequitable to permit a nonsettling co-tortfeasor to benefit from a set-off in the amount of a settlement paid by the settling co-tortfeasor while denying the set-

tling co-tortfeasor an opportunity to seek contribution for failure to obtain release of all common liability.

The court declines to follow plaintiff's suggestion that the total extinguishment provision of MCLA 600.2925a(3)(a) has been rendered moot by the revisions of the contribution statutes. Sound policy considerations support the continued viability of MCLA 600.2925a(3)(a). When a settling co-tortfeasor negotiates a settlement, it is free to buy up all the claims, pay a higher price, obtain a full release, and thereby retain its right to contribution. Alternatively, the settling co-tortfeasor can pay a reduced price, receive only a limited release, forego its rights to contribution, and leave it to the settling plaintiff to seek further recovery from the nonsettling co-tortfeasor. This is sound policy and sound economics. The court is not inclined to upset the balance struck by the legislators when they implemented the provisions and revisions of the contribution statutes.

Since the release obtained by the plaintiff in the underlying action failed to extinguish all common liability, the plaintiff is not entitled to seek contribution from the defendant. MCLA 600.2925a(3)(a). Accordingly, the defendant's motion to dismiss is granted.

So ordered.