REURINK BROTHERS STAR SILO, INC v CLINTON COUNTY
ROAD COMMISSIONERS

Docket No. 88010. Submitted October 10, 1986, at Lansing. Decided
February 4, 1987.

Elizabeth Musat was killed when the car she was driving collided
with a vehicle owned by Reurink Brothers Star Silo, Inc., and
driven by Harry A. Stark, Jr. A wrongful death action resulted
in a judgment against Reurink Brothers and Stark. The claim
was finally settled by the payment by Reurink Brothers and
Stark of an amount less than the total of the judgment amount
and all applicable statutory interest. Reurink and Stark
brought an action in the Clinton Circuit Court against the
Clinton County Board of Road Commissioners seeking contribu-
tion. The court, Randy L. Tahvonen, J., granted summary
judgment for defendant for failure to state a claim. Plaintiffs
appealed.

The Court of Appeals *held:*

A settling tortfeasor may maintain an action for contribution
where (1) there is joint liability on the part of the settling
tortfeasor and the defendant, (2) the settling tortfeasor has paid
more than his pro rata share of the common liability, (3) the
settlement extinguished the liability of the defendant, (4) a
reasonable effort was made to notify the defendant of the
pendency of the settlement negotiations, (5) the defendant was
given a reasonable opportunity to participate in the settlement
negotiations, and (6) the settlement was made in good faith.
Plaintiffs failed to allege all but the first requirement.

Affirmed.

REFERENCES

Am Jur 2d, Contribution §§ 1, 3, 40 *et seq.*;70 *et seq.*

Comment Note.—Contribution or indemnity between joint tortfea-
sors on basis of relative fault. 53 ALR3d 184.

Comment Note.—Contribution between negligent tortfeasors at
common law. 60 ALR2d 1366.

Contribution between joint tortfeasors as affected by settlement
with one or both by person injured or damaged. 8 ALR2d 196.

See also the annotations in the Index to Annotations under Contri-
bution.

1. CONTRIBUTION — COMMON LAW.

   The right to contribution is controlled entirely by statute, since there is no common-law right to contribution.

2. CONTRIBUTION — SETTLEMENT — ACTIONS.

   A settling tortfeasor may maintain an action for contribution where (1) there is joint liability on the part of the settling tortfeasor and the defendant, (2) the settling tortfeasor has paid more than his pro rata share of the common liability, (3) the settlement extinguished the liability of the defendant, (4) a reasonable effort was made to notify the defendant of the pendency of the settlement negotiations, (5) the defendant was given a reasonable opportunity to participate in the settlement negotiations, and (6) the settlement was made in good faith (MCL 600.2925a[3]; MSA 27A.2925[1][3]).

*Robert G. Chaklos, Sr.,* and *Thomas C. Wimsaty,* for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *James D. Adkins* and *James B. Doezema*), for defendant.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and M. R. STEMPIEN,* JJ.

PER CURIAM. This is an appeal by the plaintiffs, Reurink Brothers Star Silo, Inc., and Harry A. Stark, Jr. (Reurink Brothers), from the trial court's order of summary judgment on their claim for contribution against the Board of County Road Commissioners of the County of Clinton for failure to state a claim upon which relief may be granted.

The underlying injury occurred on August 2, 1983, at approximately 4:00 P.M. Harry A. Stark, Jr., was driving south on an unpaved section of Tallman Road at or near its intersection with Herbison Road in the County of Clinton. Stark's vehicle was registered to Reurink Brothers. At the same time, Elizabeth Musat, was driving another vehicle on an unpaved section of Herbison Road,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

approaching the intersection with Tallman Road. The two vehicles collided and Mary Musat died of resulting injuries.

A wrongful death claim was brought against Reurink Brothers, on behalf of the estate of Mary Musat. Judgment was entered in favor of the estate of Mary Musat in the amount of $706,418.53 on September 11, 1984. A timely appeal was taken by Reurink Brothers. However, on March 29, 1985, that appeal was dismissed by stipulation pursuant to a settlement in the amount of $750,000.

On July 16, 1985, Reurink Brothers filed the instant claim in the Clinton Circuit Court, seeking contribution on the part of the defendant as a joint tortfeasor under Michigan's contribution statute, MCL 600.2925a *et seq.*; MSA 27A.2925(1) *et seq.* In its responsive pleading, on August 12, 1985, the county brought a motion to dismiss, alleging that Reurink Brothers failed to plead that the county was joined in the prior action, failed to plead that the settlement extinguished the county's liability and failed to plead that notice was provided to the county. That motion was granted, resulting in this appeal.

Reurink Brothers argues that the trial court erred by granting summary disposition. The county's motion was brought under MCR 1985, 2.116(C)(8), failure to state a claim upon which relief may be granted. As we have held on a number of occasions, motions brought under this subrule are decided on the pleadings alone. *Haddrill v Damon*, 149 Mich App 702, 704-705; 386 NW2d 643 (1986).

> The motion tests the legal basis of the complaint, not whether it can be factually supported. Unless the claim is so clearly unenforceable as a matter of law that no factual development can

possibly justify a right to recovery, the motion should be denied. *McCallister v Sun Valley Pools, Inc,* 100 Mich App 131, 135; 298 NW2d 687 (1980), *lv den* 411 Mich 905 (1981).

The right to contribution in Michigan is controlled entirely by statute, since there was no right to contribution at common law. *Paisley v United Parcel Service, Inc,* 38 Mich App 450, 455; 196 NW2d 813 (1972), *Wilhelm v The Detroit Edison Co,* 56 Mich App 116, 157; 274 NW2d 289 (1974), lv den 393 Mich 787 (1975), and *Sziber v Stout,* 419 Mich 514, 527; 358 NW2d 330 (1984). Michigan's contribution statute, as amended by 1974 PA 318, provides in part:

> (1) Except as otherwise provided in this act, when 2 or more persons become jointly or severally liable in tort for the same injury to a person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.
>
> (2) The right of contribution exists only in favor of a tort-feasor who has paid more than his pro rata share of the common liability and his total recovery is limited to the amount paid by him in excess of his pro rata share. A tort-feasor against whom contribution is sought shall not be compelled to make contribution beyond his own pro rata share of the entire liability. [MCL 600.2925a; MSA 27A.2925(1).]

Here, paragraph 11 of the complaint alleged that the action was brought pursuant to MCL 600.2925a *et seq.;* MSA 27A.2925(1) *et seq.* Paragraphs 5 to 7 describe the fatal accident at or near the intersection of Tallman and Herbison Roads in Clinton County. Paragraphs 3 and 13 allege that the county had jurisdiction over the crossing and

therefore had responsibility for its care and control. Paragraph 8 states that a wrongful death claim was brought against Reurink Brothers on behalf of the deceased. Paragraphs 9 and 10 allege:

9.

That Judgement [sic] has been entered in the Circuit Court for the County of Clinton in favor of David L. Musat, Personal Representative of the Estate of Mary Elizabeth Musat, deceased, in the amount of Seven Hundred Six Thousand Four Hundred Eighteen and 53/100 ($706.418.53) Dollars, said Judgment having entered on the 11th day of September, 1984.

10.

That the appeal which was timely taken from said Judgment was dismissed by Stipulation on March 29, 1985, pursuant to a settlement in the amount of Seven Hundred Fifty Thousand ($750,-000).

Numerous other paragraphs of the complaint allege various contributing acts or omissions of the county.

Nowhere in the complaint does Reurink Brothers allege that it paid more than its pro rata share of the common liability. However, the county's motion alleged only the following deficiencies in Reurink Brother's pleadings:

(a) Plaintiffs did not join this Defendant in the suit brought against the Plaintiffs by the Estate of the Deceased nor did the Plaintiffs make timely notification to the Road Commission of its intent to file a claim.

(b) Plaintiffs have not alleged that the settlement entered into by the Plaintiffs and the Estate of the Deceased extinguished the common liability arising from the accident.

The errors alleged by the county were intended

to refer to the following provision within the contribution statute:

> (3) A tort-feasor who enters into a settlement with a claimant is not entitled to recover contribution from another tort-feasor if any of the following circumstances exist:
>
> (a) The liability of the contributee for the injury or wrongful death is not extinguished by the settlement.
>
> (b) A reasonable effort was not made to notify the contributee of the pendency of the settlement negotiations.
>
> (c) The contributee was not given a reasonable opportunity to participate in the settlement negotiations.
>
> (d) The settlement was not made in good faith. [MCL 600.2925a(3); MSA 27A.2925(1)(3).]

As the county asserts, Reurink Brothers failed to plead that the settlement it entered into extinguished the county's liability. Reurink Brothers also failed to allege that it had paid its pro rata share of the common liability or that a reasonable effort was made to notify the contributee (the county) of the negotiations.

The statute implicitly sets forth the elements of a claim for contribution by a *settling* tortfeasor:

(1) There must be joint liability on the part of the plaintiff and defendant;

(2) The plaintiff must have paid more than its pro rata share of the common liability;

(3) The settlement entered into by the plaintiff must extinguish the liability of the defendant;

(4) A reasonable effort must have been made to notify the defendant of the pendency of the settlement negotiations;

(5) The defendant must be given a reasonable

opportunity to participate in settlement negotiations; and

(6) The settlement must be made in good faith.

Since the complaint in this instance did not allege either (3) or (4), it fails to state a cause of action. We also note that the complaint fails to allege (2), (5) and (6), though that issue was not raised by the county in the trial court.

Despite its pleading that it "settled" the prior action and despite the fact that the county's motion was filed under MCR 2.116(C)(8), Reurink Brothers argues that this Court should look outside of the pleadings to determine that it in fact "satisfied the judgment." Thus, Reurink Brothers would have this Court conclude that its claim does not fall under paragraph (3) of the statute, MCL 600.2925a(3); MSA 27A.2925(1)(3), but under paragraph (5)

> A tort-feasor who satisfies all or part of a judgment entered in an action for injury or wrongful death is not entitled to contribution if the alleged contributee was not made a party to the action and if a reasonable effort was not made to notify him of the commencement of the action. Upon timely motion, a person receiving such notice may intervene in the action and defend as if joined as a third party. [MCL 600.2925(5); MSA 27A.2925(1)(5).]

Even if Reurink Brother's complaint is read to state a cause of action under paragraph (5), it fails to properly allege that the county was made a party to the prior action and fails to allege that a reasonable effort was made to notify the county of the commencement of the proceedings. Similarly, although Reurink Brothers has argued that actual notice should be sufficient under paragraph (5), it

has also failed to allege that the county had actual notice. Thus, limiting our review to the face of the pleadings and assuming that Reurink Brothers has pled satisfaction of judgment, we would nevertheless conclude that summary judgment was properly granted under MCR 2.116(C)(8).

We further note, although it is unnecessary to our decision, that Reurink Brothers has failed to establish that the judgment was either fully or partially satisfied. In support of its assertion that its claim falls under MCL 600.2925a(5); MSA 27A.2925(1)(5), Reurink Brothers submitted a document entitled "Satisfaction of Judgment," under which the following terms were written:

> I hereby acknowledge complete and total Satisfaction of a Judgment entered on the 11th day of September, 1984, in the above entitled cause in favor of David L. Musat, as Personal Representative of the Estate of Mary Elizabeth Musat, Deceased, the above named Plaintiff against Reurink Brothers Star Silo, Inc., a Michigan corporation, and Harry A. Stark, Jr., Jointly and Severally, the above named Defendants upon the payment of Seven Hundred Fifty Thousand ($750,000.00) Dollars, receipt of which is hereby acknowledged which is to be a complete and total Satisfaction of said Judgment which is to include interest, costs and expenses; also, as part of said Satisfaction, is an Agreement entered into between the aforementioned Plaintiff and Defendants and the Aetna Casualty & Surety Company, which this Court approves.

As quoted *supra,* the complaint alleges that judgment in the principal case was entered in the amount of $706,418.53. The complaint further indicates that the principal complaint was filed in 1983. MCL 600.6013; MSA 27A.6013 provides for prejudgment interest at twelve percent dating

from the filing of the complaint. Even assuming that the principal complaint was filed on the last day of 1983, more than nine months of prejudgment interest would have accrued by the date judgment was entered, September 11, 1984. An additional six months of interest accrued on the judgment before the date of the "satisfaction," March 29, 1985. Therefore, by the most conservative figures, $100,000 of interest had accrued on the judgment by the time that the satisfaction was entered. Yet the satisfaction was only in the amount of $750,000. Thus, it is apparent to this Court, as it was to the trial court, that the purported satisfaction of judgment was in fact, as Reurink Brothers pled, a settlement.

The distinction between a settlement, which falls under § 2925a(3) of the contribution statute, and a satisfaction of judgment, which falls under § 2925a(5) of the statute, is significant. As explained in *Buckeye Union Ins Co v Lenawee Co Road Comm,* 540 F Supp 634, 636 (ED Mich, 1982):

> Sound policy considerations support the continued viability of [MCL 600.2925a(3)(a); MSA 27A.2925(1)(3)(a)]. When a settling co-tortfeasor negotiates a settlement, it is free to buy up all the claims, pay a higher price, obtain a full release, and thereby retain its right to contribution. Alternatively, the settling co-tortfeasor can pay a reduced price, receive only a limited release, forego its rights to contribution, and leave it to the settling plaintiff to seek further recovery from the nonsettling co-tortfeasor. This is sound policy and sound economics.

Thus, the extinguishing of the contributee's liability, required for settlements under MCL 600.2925a(3)(a); MSA 27A.2925(1)(3)(a), provides assurance that a contributee will not be forced to

pay more than its pro rata share by paying for its liability once to the settling plaintiff and once to the injured party in separate, subsequent proceedings. The joinder requirement of MCL 600.2925a(5); MSA 27A.2925(1)(5) provides the same assurance for the contributee of a tortfeasor who satisfied the judgment. If, on the other hand, a plaintiff has neither truly satisfied the judgment nor obtained a settlement and release for the contributee, the contributee would potentially be subject to payment of far more than its pro rata share. That result is clearly contrary to the intent of the contribution statute as set forth in MCL 600.2925a(2); MSA 27A.2925(1)(2) and MCL 600.2925b; 9MSA 27A.2925(2).

In short, even if we were to consider the county's motion as one for summary judgment under MCR 2.116(C)(10), if we were to include in our review the additional document filed by Reurink Brothers' and if we were to construe Reurink Brothers' complaint as one falling within MCL 600.2925a(5); MSA 27A.2925(1)(5), we would conclude that summary judgment was appropriate.

Affirmed.