KLAWITER v REURINK

Docket No. 138711. Submitted July 7, 1992, at Grand Rapids. Decided
    October 6, 1992, at 9:00 A.M.

Walter Klawiter and others brought an action for contribution in
    the Allegan Circuit Court against Joan Reurink. In a related
    action in which these parties accepted a mediation evaluation,
    Reurink, as next friend of her minor son, was awarded dam-
    ages against these plaintiffs for injuries received by her son, in
    utero, in an automobile accident. The plaintiffs brought this
    action on the theory that Reurink also was negligent in the
    operation of her vehicle, thereby contributing to the injuries
    sustained by her son. The court, George R. Corsiglia, J., granted
    summary disposition for Reurink, finding that the plaintiffs had
    failed to state a claim upon which relief could be granted. The
    plaintiffs appealed.

    The Court of Appeals *held:*

    The trial court properly granted summary disposition for
    Reurink. Because the underlying claim was settled pursuant to
    a mediation award, MCL 600.2925a(3); MSA 27A.2925(1)(3)
    controls the determination of the contribution action. The
    plaintiffs failed to allege that they made reasonable efforts to
    notify Reurink of the pendency of the settlement negotiations
    or gave her a reasonable opportunity to participate in the
    settlement negotiations, both elements of a claim for contribu-
    tion by a settling tortfeasor pursuant to MCL 600.2925a(3);
    MSA 27A.2925(1)(3). Furthermore, although undoubtedly aware
    of the mediation process, Reurink was not put on notice by the
    plaintiffs during the mediation proceedings that she might be a
    potential contributee. Had she been notified that the plaintiffs
    were going to seek contribution from her, she might have taken
    an entirely different posture at the time of mediation.

    Affirmed.

REFERENCES

Am Jur 2d, Judgments §§ 1080, 1082, 1084, 1087, 1089, 1091, 1092;
    New Topic Service, Alternative Dispute Resolution § 10.

Modern views of state courts as to whether consent judgment is
    entitled to res judicata or collateral estoppel effect. 91 ALR3d
    1170.

Reilly, J., concurred in the result only.

Torts— Contribution — Judgments — Mediation — Settlements.

A judgment is properly entered in the amount of a mediation panel's evaluation where all the parties have accepted the evaluation; the judgment is similar to a consent judgment reached after negotiation and settlement and is not analogous to a judgment entered after a trial and a verdict; the subsection of the contribution statute concerning tortfeasors who enter into a settlement with the claimant, rather than the subsection concerning tortfeasors who satisfy a judgment entered in an action, controls the pleading of a subsequent action for contribution (MCR 2.403[M][1]; MCL 600.2925a[3],[5]; MSA 27A.2925[1][3],[5]).

*Dilley, Dewey & Damon* (by *Jonathan S. Damon*), for the plaintiffs.

*Bensinger, Cotant, Menkes & Aardema, P.C.* (by *Robert B. Aardema*), for the defendant.

Before: Doctoroff, C.J., and Reilly and Jansen, JJ.

Per Curiam. Plaintiffs appeal as of right from a February 22, 1991, order entered by the Allegan Circuit Court granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(8). We affirm.

On appeal, plaintiffs contend that the trial court erred in granting summary disposition in favor of defendant in this action brought pursuant to the contribution statute, MCL 600.2925a *et seq.*; MSA 27A.2925(1) *et seq.* We disagree.

Plaintiffs brought this action for contribution against defendant, the mother of a child who was injured, in utero, in a car accident. In the underlying case, the plaintiffs in this action were sued by defendant individually and in her capacity as next friend of her son, who was born with severe birth defects allegedly resulting from the car accident.

In June 1989, the underlying case proceeded to mediation. The mediators evaluated the case as follows: $25,000 against Rex Pomranka, $35,000 against Walter Klawiter, and $115,000 against Robert, Phillip, and Martin Wenger and Rob-Len Farms. All the parties accepted the mediation evaluation. In August 1989, the trial court heard and granted a motion to approve the settlement. Judgment was entered in favor of Reurink in her capacity as next friend of her son, and the judgment was satisfied by plaintiffs on August 18, 1989.

The present suit for contribution was thereafter instituted by plaintiffs on the theory that Reurink was also negligent in the operation of her vehicle, thereby contributing to the injuries sustained by her son. On January 30, 1991, the trial court issued its opinion granting defendant's motion for summary disposition, finding that plaintiffs failed to state a claim upon which relief could be granted. An order granting defendant's motion was entered on February 22, 1991. Plaintiffs appeal as of right from this order.

We are of the opinion that the trial court properly granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(8). A motion for summary disposition brought pursuant to MCR 2.116(C)(8) is decided by reference to the pleadings alone. *Reurink Bros Star Silo, Inc v Clinton Co Road Comm'rs,* 161 Mich App 67, 69; 409 NW2d 725 (1987). The motion tests the legal basis of the complaint, not whether it can be factually supported. *Id.* Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify recovery, the motion should be denied. *Id.,* pp 69-70.

On appeal, as below, plaintiffs contend that their contribution action is controlled by MCL

600.2925a(5); MSA 27A.2925(1)(5), because defendant obtained a judgment in the underlying case. On the other hand, defendant contends, and the trial court held, that MCL 600.2925a(3); MSA 27A.2925(1)(3) controls because the underlying claim was settled pursuant to a mediation award. We agree with defendant and the trial court.

Pursuant to MCR 2.403(M)(1), if all the parties accept a mediation panel's evaluation, judgment will be entered in that amount. The judgment shall be deemed to dispose of all claims in the action and includes all fees, costs, and interest to the date of judgment. However, the acceptance of a mediation award is not analogous to a judgment entered after a trial and verdict by a judge or jury. *Espinoza v Thomas,* 189 Mich App 110, 117; 472 NW2d 16 (1991). "In truth, a mediation proceeding that ends with the parties' acceptance of the mediators' award is like a consent judgment reached after negotiation and settlement." *Id.; Pelshaw v Barnett,* 170 Mich App 280, 286; 427 NW2d 616 (1988), modified on other grounds 431 Mich 910 (1988). A consent judgment differs substantially from the usual litigated judgment because it is primarily the act of the parties rather than the considered judgment of the court. *Espinoza,* p 117. Factors similar to those relevant in settlement negotiations would be considered by the mediators. *Id.,* p 118.

A consent judgment reflects primarily the agreement of the parties. *American Mutual Liability Ins Co v Michigan Mutual Liability Co,* 64 Mich App 315, 327; 235 NW2d 769 (1975); *Young v Robin,* 146 Mich App 552, 555; 382 NW2d 182 (1985). A consent judgment is by definition a product of voluntary agreement. *Id.,* p 556; *Sylvania Silica Co v Berlin Twp,* 186 Mich App 73, 75; 463 NW2d 129 (1990). It therefore follows, as held by

the trial court, that the parties herein "voluntarily entered into a settlement agreement under the mediation rules." The trial court correctly held that, under such circumstances, plaintiffs must plead under MCL 600.2925a(3); MSA 27A.2925(1) (3).

MCL 600.2925a(3); MSA 27A.2925(1)(3) provides as follows:

> A tort-feasor who enters into a *settlement* with a claimant is not entitled to recover contribution from another tort-feasor if any of the following circumstances exist:
>
> (a) The liability of the contributee for the injury or wrongful death is not extinguished by the settlement.
>
> (b) A reasonable effort was not made to notify the contributee of the pendency of the settlement negotiations.
>
> (c) The contributee was not given a reasonable opportunity to participate in the settlement negotiations.
>
> (d) The settlement was not made in good faith. [Emphasis added.]

The statute sets forth the elements of a claim for contribution by a settling tortfeasor. *Reurink Bros,* p 72. These elements include: (1) there must be joint liability on the part of the plaintiff and defendant, (2) the plaintiff must have paid more than the plaintiff's pro-rata share of the common liability, (3) the settlement entered into by the plaintiff must extinguish the liability of the defendant, (4) a reasonable effort must have been made to notify the defendant of the pendency of the settlement negotiations, (5) the defendant must be given a reasonable opportunity to participate in settlement negotiations, and (6) the settlement must be made in good faith. *Id.,* pp 72-73.

A review of plaintiffs' second amended complaint reveals that plaintiffs failed to allege that a reasonable effort was made to notify defendant of the pendency of the settlement negotiations. Plaintiffs also failed to allege that defendant was given a reasonable opportunity to participate in the settlement negotiations, although plaintiffs contend that defendant had notice of the underlying tort action because she was the one who brought the action. Plaintiffs also assert that defendant was given a reasonable opportunity to participate in the settlement negotiations, and her attorney, in fact, conducted the negotiations. We find such arguments to be without merit.

As noted by the trial court, "the potential contributee must be on notice that she may be asked to contribute to the settlement, and [must] have the opportunity to participate in settlement negotiations on her own behalf." Defendant, although undoubtedly aware of the mediation process, was at no time put on notice by plaintiffs that she might be a potential contributee. Furthermore, she was not afforded the opportunity to participate in the mediation process with the knowledge that contribution might be sought from her at a future date. As counsel for plaintiff stated at the hearing on defendant's motion for summary disposition, defendant "was never informed until afterwards that a claim for contribution would be made." Had defendant been made aware of the fact that plaintiffs were going to seek contribution from her, she might have taken an entirely different posture at the time of mediation in the underlying case. We are of the opinion that such facts support the trial court's ruling, as well as this Court's holding today.

Additionally, and for the same reasons, we are

of the opinion that plaintiffs have failed to state a claim for relief pursuant to MCL 600.2925a(5); MSA 27A.2925(1)(5), notwithstanding the inapplicability of that section to the case at bar. Subsection 5 provides:

> A tort-feasor who satisfies all or part of a *judg-ment* entered in an action for injury or wrongful death is not entitled to contribution if the alleged contributee was not made a party to the action and if a reasonable effort was not made to notify him of the commencement of the action. *Upon timely motion, a person receiving such notice may intervene in the action and defend as if joined as a third party.* [Emphasis added.]

Again, although defendant was a party to the underlying action, she was not put on notice that she would be called upon to defend as a potential contributee. Additionally, defendant was not afforded an opportunity to negotiate as a potential contributee. It is clear that notice and an opportunity to defend are contemplated by subsection 5, because a potential contributee has the right to intervene in the action and "defend" as if joined as a third party. Because defendant was not placed on notice that she might be subject to contribution, she could not negotiate with plaintiffs with full knowledge of the facts. Equity and good conscience cannot allow such a result.

For all the above reasons, we affirm the order of the trial court granting defendant's motion for summary disposition. Plaintiffs' claim is so clearly unenforceable as a matter of law that no factual development could justify a right to recovery.

Affirmed.

REILLY J. I concur in the result only.