O’Connell, J.
 

 Plaintiff James Russell appeals as of right from an order granting summary disposition pursuant to MCR 2.116(C)(10) in favor of defendant Michigan Department of Corrections. This case arises from injuries that plaintiff sustained while operating a cream-separating machine as part of his work assignment while serving a term of imprisonment. The trial court ruled that plaintiff’s negligence action was barred by governmental immunity. We affirm.
 

 Because this case was decided below on a motion for summary disposition, we review the matter de novo as a question of law.
 
 Miller v Farm Bureau Mut Ins Co,
 
 218 Mich App 221, 233; 553 NW2d 371 (1996). Similarly, issues of statutory or constitutional interpretation call for review de novo.
 
 Kuhn v Secretary of State,
 
 228 Mich App 319, 324; 579 NW2d 101 (1998) (constitutional construction);
 
 Michigan Basic Property Ins Ass’n v Ware,
 
 230 Mich App 44, 48; 583 NW2d 240 (1998) (statutory interpretation).
 

 
 *137
 
 Plaintiff first challenges the trial court’s conclusion that the dairy bam operation in which he was injured was a governmental function, arguing that running a dairy bam does not qualify as performing a governmental function because that activity is not mandated by law. The governmental immunity statute states that “all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function.” MCL 691.1407(1); MSA 3.996(107)(1). A governmental agency is statutorily defined as “the state, political subdivisions, and municipal corporations.” MCL 691.1401(d); MSA 3.996(101)(d). It is well settled that defendant is an agency of the state within the meaning of this statute. See generally
 
 Wade v Dep’t of Corrections,
 
 439 Mich 158; 483 NW2d 26 (1992). Governmental immunity embraces all activities that are incidents of running prisons.
 
 Spruytte v Dep’t of Corrections,
 
 82 Mich App 145, 148; 266 NW2d 482 (1978).
 

 Whether governmental immunity applies in this case hinges on whether the dairy bam in question was a governmental function. A governmental function is statutorily defined as “an activity . . . expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law.” MCL 691.1401(f); MSA 3.996(101)(f). Subsection 4(a) of the Correctional Industries Act, MCL 800.324(a); MSA 28.1540(4)(a), empowers defendant to “[construct, use, equip, and maintain buildings, machineiy, boilers, and equipment that may be necessary to provide for the employment of inmate labor in the state correctional institutions for the manufacture of goods, wares, and merchandise and the operation of ser
 
 *138
 
 vices.” We conclude that where a state agency produces dairy products and meat through inmate labor, and exclusively for distribution within the corrections system, that activity—including the attendant operation of a cream separator—is impliedly authorized by statute and thus a governmental function. Accordingly, we hold that the trial court properly dismissed plaintiff’s suit as barred by governmental immunity.
 

 Plaintiff next argues that if running a dairy bam is a governmental function in this instance, the trial court erred in concluding that the proprietary function exception to governmental immunity does not apply. Governmental immunity does not bar a suit against a governmental agency for bodily injury arising from performance of a “proprietary function.” MCL 691.1413; MSA 3.996(113). A proprietary function is “any activity . . . conducted primarily for the purpose of producing a pecuniary profit for the governmental agency, excluding, however, any activity normally supported by taxes or fees.”
 
 Id.
 
 Bearing on the question whether an activity constitutes a proprietary function is whether the activity actually generates profit, and whether any revenues generated are directed toward paying for unrelated undertakings.
 
 Coleman v Kootsillas,
 
 456 Mich 615, 621; 575 NW2d 527 (1998).
 

 Uncontroverted evidence in this case indicates that defendant continues to operate the dairy bam despite consistent losses and that the goods produced are not offered for sale to the public but instead remain within the corrections system. That defendant monitors production and records expenses and income from the dairy bam in no way indicates that defendant is hoping or intending to turn a profit from
 
 *139
 
 it. Far from using the dairy bam as part of a commercial enterprise, defendant uses the dairy and meat products from that activity to feed its own inmates, and, as the trial court observed, runs the operation in part to engage the inmates in meaningful work and to help them learn a trade that may be useful to them upon their release from incarceration. Further, feeding prisoners, keeping them occupied, and offering them job training are all activities that are normally supported by taxes or fees. For these reasons, the trial court correctly held that operation of the dairy bam at issue was entirely incidental to running the prison and not at all a proprietary function.
 

 Finally, plaintiff argues that the trial court’s decision violates the constitutional principle of equal protection because it does not treat all state employees in a like manner with regard to job-related injuries. We need not reach this issue because plaintiff failed to raise it below and thus did not preserve it for our review.
 
 Providence Hosp v Nat’l Labor Union Health & Welfare Fund,
 
 162 Mich App 191, 194; 412 NW2d 690 (1987). In any event, plaintiff’s argument is without merit. Nothing in the decision below suggests that prisoners are treated unlike nonprisoners with regard to remedies for work-related injuries or statutory immunity law.
 

 Affirmed.