HANLEY v MAZDA MOTOR CORPORATION

Docket No. 204499. Submitted September 15, 1999, at Detroit. Decided
February 4, 2000, at 9:10 A.M.

Derek R. Hanley brought an action in the Wayne Circuit Court against
Mazda Motor Corporation, Mazda Motor Manufacturing (USA) Cor-
poration (hereinafter collectively Mazda), and others, seeking dam-
ages for injuries he suffered in an automobile accident while driv-
ing his Ford Probe, a vehicle that was designed and manufactured
by Mazda and marketed by Ford Motor Company. The plaintiff pre-
viously had brought a similar action against Ford, seeking damages
for the same injuries. In that action, Ford had made an offer of
judgment, the plaintiff had accepted the offer of judgment, a judg-
ment was entered in accordance with the offer of judgment, and
Ford satisfied that judgment. Mazda moved for summary disposi-
tion on the basis that the action against it was barred under the
doctrine of res judicata by reason of the disposition of the action
against Ford. The court, Kirsten Frank Kelly, J., denied the motion,
but allowed Mazda to amend its affirmative defenses to include a
claim that the plaintiff was entitled to only one satisfaction of a
judgment for his injuries and to file a motion for summary disposi-
tion on that basis that the satisfaction of the judgment entered
against Ford pursuant to the offer of judgment discharged Mazda
from liability. The court, agreeing that under the facts of this case
the satisfaction of the judgment entered against Ford discharged
Mazda from liability, granted summary disposition for Mazda. The
plaintiff appealed.

The Court of Appeals held:

1. A plaintiff may pursue separate judgments against defendants
that are jointly and severally liable for the plaintiff's damages, but
the plaintiff may recover only one satisfaction for the losses. The
Legislature codified this rule in the contribution statute, which, in
pertinent part, MCL 600.2925c(5); MSA 27A.2925(3)(5), provides
that the recovery of a judgment for an injury against one tortfeasor
does not discharge the other joint tortfeasors from liability unless
the judgment is satisfied.

2. A judgment entered pursuant to MCR 2.405 as the result of an
offer of judgment that has been accepted functions as a full and

final adjudication of the matter on the merits. The satisfaction of such a judgment is thus a satisfaction of a judgment within the meaning of the contribution statute and discharges other joint tortfeasors from liability. Accordingly, the trial court did not err in granting summary disposition for Mazda on the basis of the satisfaction of the judgment entered against Ford.

Affirmed.

JUDGMENTS — OFFERS OF JUDGMENT — SATISFACTION OF JUDGMENT — JOINT TORTFEASORS.

A judgment entered pursuant to an offer of judgment that has been accepted in accordance with provisions of the court rule governing offers of judgment functions as a full and final adjudication of the matter on the merits; the satisfaction of a judgment entered pursuant to an offer of judgment is a satisfaction of a judgment within the meaning of the contribution statute and discharges other joint tortfeasors from liability (MCL 600.2925c[5]; MSA 27A.2925[3][5]; MCR 2.405).

*Still, Nemier, Landry, Mazzeo & Johnson, P.C.* (by *Craig L. Nemier*) and *Sommers, Schwartz, Silver & Schwartz, P.C.* (by *B. A. Tyler*), for the plaintiff.

*Michael J. O'Reilly, Donald H. Dawson, Jr., Kathleen A. Clark,* and *John R. Prew,* for the defendants.

Before: WHITBECK, P.J., and SAAD and HOEKSTRA, JJ.

HOEKSTRA, J. On the basis of alleged injuries sustained in an automobile accident, plaintiff filed a complaint against defendants herein in August 1995. Approximately one year earlier, with regard to the same incident and resultant injuries, plaintiff had filed a complaint against Ford Motor Company. In that suit, Ford made an offer of judgment, the plaintiff accepted the offer of judgment, a judgment was entered, and Ford satisfied the judgment. In the instant case, the trial court granted summary disposition in favor of defendants Mazda Motor Corporation and Mazda Motor Manufacturing (USA) Corporation,

also known as AutoAlliance International, Inc. (collectively Mazda), concluding that under the unique facts in these suits, satisfaction of the previous judgment bars plaintiff from further recovery.[1] The question on appeal is whether satisfaction of a judgment entered pursuant to the offer of judgment rule, MCR 2.405, precludes a plaintiff from seeking from other tortfeasors additional damages arising from the same incident and injuries. We hold that a judgment entered pursuant to the acceptance of an offer of judgment under MCR 2.405 functions as a full and final adjudication on the merits, and, therefore, satisfaction of a judgment so entered precludes a plaintiff from further relief from other alleged joint tortfeasors.

I

In this products liability action, plaintiff sued the named defendants for injuries he suffered in an automobile accident. Plaintiff alleged that another vehicle struck his car, a 1989 Ford Probe, causing him to suffer injuries and, among other things, that his car was defective because, upon collision, an inadequate hinge mechanism allowed the hood to penetrate the plane of the windshield. Plaintiff's car was the product of a joint venture between Mazda and Ford. Mazda designed and manufactured the Ford Probe, and Ford marketed the car.[2]

---

[1] Before granting summary disposition in favor of Mazda, the court had previously granted summary disposition in favor of defendant Mazda Motor of America, Inc., and had ordered, pursuant to a stipulation, dismissal of Nii Tech Company, Ltd.

[2] The parties hereto do not dispute that the instant claim is covered by an agreement between Ford and Mazda that Ford would indemnify

Previously, plaintiff sued Ford with regard to this same incident and the resultant injuries. In that case, on September 6, 1995, plaintiff accepted Ford's offer of judgment in the amount of $200,000. The trial court entered the judgment on October 30, 1995. Thereafter, Ford satisfied the judgment. However, on August 11, 1995, just twenty-six days before accepting the offer of judgment, plaintiff initiated this action against Mazda, seeking further damages.

The trial court denied Mazda's initial motion for summary disposition, which claimed that the action was barred under the doctrine of res judicata. Nevertheless, the trial court allowed Mazda's subsequent motion to amend its affirmative defenses to include an argument that, under the contribution statute, MCL 600.2925c(5); MSA 27A.2925(3)(5), plaintiff was entitled to only one satisfaction of a judgment for his injuries. Thereafter, Mazda moved for summary disposition under MCR 2.116(C)(7) and (10), arguing that on the basis of the satisfaction of the judgment against Ford in the previous suit, they, as joint tortfeasors with Ford, were discharged from liability. The trial court agreed, under the unique facts of these suits, and dismissed the case.[3] This appeal follows.

---

Mazda for any claims, but this relationship is not pertinent to our holding here.

[3] Although it is unclear whether the trial court granted summary disposition under MCR 2.116(C)(7) or under MCR 2.116(C)(10), the standards under each are essentially the same. For purposes of this appeal, we assume that the trial court decided the motion pursuant to C(7) because the issue before it and plaintiff's claims on appeal involve the question whether the prior judgment precludes plaintiff's claim.

II

We review a trial court's grant of summary disposition de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998); *Russell v Dep't of Corrections*, 234 Mich App 135, 136; 592 NW2d 125 (1999). MCR 2.116(C)(7) permits summary disposition where the claim is barred because of, among other things, prior judgment. In reviewing a motion under MCR 2.116(C)(7), this Court accepts as true the plaintiff's well-pleaded allegations, construing them in the plaintiff's favor. *Abbott v John E Green Co*, 233 Mich App 194, 198; 592 NW2d 96 (1998). We must consider affidavits, pleadings, depositions, admissions, and documentary evidence filed or submitted by the parties when determining whether a genuine issue of material fact exists. MCR 2.116(G)(5); *Employers Mut Casualty Co v Petroleum Equipment, Inc*, 190 Mich App 57, 62; 475 NW2d 418 (1991).

III

In this issue of first impression in Michigan, we must determine the scope of finality of an accepted, entered, and satisfied offer of judgment. Specifically, the question before us is whether an accepted, entered, and satisfied offer of judgment in one cause of action precludes pursuit of a separate cause of action for damages arising from the same incident and injuries, but against other tortfeasors. We hold that it does.[4]

---

[4] Here, plaintiff argues that the accepted, entered, and satisfied offer of judgment does not preclude him from pursuing other tortfeasors because his damages were not fully paid. In other words, plaintiff contends that the judgment did not cover one hundred percent of the damages that resulted from his injuries and he should be able to seek further recovery from other joint tortfeasors. Because it was not presented, nor

As a general rule, a plaintiff may pursue separate judgments against defendants that are jointly and severally liable for the plaintiff's damages, but the plaintiff may recover only one satisfaction for the losses. *Grand Blanc Cement Products, Inc v Ins Co of North America*, 225 Mich App 138, 144-145; 571 NW2d 221 (1997); see also *Verhoeks v Gillivan*, 244 Mich 367, 371; 221 NW 287 (1928) (" '[T]he injury being single, he may recover but one compensation,' " quoting 58 LRA 430.); *Kaminski v Newton*, 176 Mich App 326, 328; 438 NW2d 915 (1989) ("At common law, where the conduct of two or more actors proximately causes a single injury to a plaintiff, while the plaintiff may pursue compensation for the injury from any or all of the defendants, the plaintiff is entitled to only one satisfaction."). Our Legislature codified this rule in Michigan's contribution statute, MCL 600.2925c(5); MSA 27A.2925(3)(5), which provides:

> The recovery of a judgment for an injury or wrongful death against 1 tort-feasor does not of itself discharge the other tort-feasors from liability for the injury or wrongful death *unless the judgment is satisfied.* Satisfaction of the judgment does not impair any right of contribution. [Emphasis supplied.]

We have previously explained the policy considerations giving rise to the rule that satisfaction of a judgment extinguishes the claim:

---

do the facts require, we do not reach the issue whether a judgment, entered pursuant to an offer of judgment, may expressly identify the specific claims it resolves and the extent of damages it covers, thereby limiting the scope of satisfaction of the judgment. See MCR 2.405(B); *Becker v Halliday*, 218 Mich App 576, 579; 554 NW2d 67 (1996) ("Had the plaintiff intended not to release the claim relating to any attorney fees she might be entitled to under court rule, the satisfaction of judgment could have been so limited. No such limiting phrases were used.").

The principle guiding enforcement of a satisfaction of judgment is the promotion of certainty and finality. A satisfaction of judgment extinguishes the claim, and, as discussed previously, may be reviewed on a very limited basis. Next, it is judicial policy to further the intent and expectations of the parties. The intent of any party entering into a satisfaction of judgment generally extends to the entire claim. [*Becker v Halliday*, 218 Mich App 576, 579; 554 NW2d 67 (1996).]

Finality leads to, and public policy demands, conservation of judicial resources and the efficient administration of justice. See *People v Carpentier*, 446 Mich 19, 58; 521 NW2d 195 (1994) (RILEY, J. concurring) ("[T]he orderly administration of justice is founded on finality of judgments and an interest in judicial economy."). "Inroads on the concept of finality tend to undermine confidence in the integrity of our procedures." *United States v Addonizio*, 442 US 178, 184, n 11; 99 S Ct 2235; 60 L Ed 2d 805 (1979).

With this understanding of the rule and the policy considerations behind the rule, we now turn to an examination of the rule in the context of offers of judgment, which MCR 2.405 governs. When interpreting court rules, the same basic principles governing statutory interpretation apply. *Kitchen v Kitchen*, 231 Mich App 15, 18; 585 NW2d 47 (1998). "A court rule should be construed in accordance with the ordinary and approved usage of its language in light of the purpose the rule seeks to accomplish." *Bush v Mobil Oil Corp*, 223 Mich App 222, 226; 565 NW2d 921 (1997).

In pertinent part, MCR 2.405(B) provides that "[u]ntil 28 days before trial, a party may serve on the adverse party a written offer to stipulate to the entry of a judgment for the whole or part of the claim, including interest and costs then accrued." If

accepted pursuant to the rule, "[t]he court shall enter a judgment according to the terms of the stipulation," MCR 2.405(C)(1), which occurred in the present case. Such a judgment lies upon the continuum for purposes of implicating the restriction of the contribution statute somewhere between the extremes of a judgment entered upon a verdict following a trial and a private party settlement.

We see our decision here hinging on an examination of the offer of judgment process with a view toward deciding whether the process is more akin to judgment after trial or private settlements. We certainly recognize that elements of both are involved. "The purpose of MCR 2.405 is 'to encourage settlement and to deter protracted litigation.'" *Luidens v 63rd Dist Court*, 219 Mich App 24, 31; 555 NW2d 709 (1996), quoting *Hamilton v Becker Orthopedic Appliance Co*, 214 Mich App 593, 596; 543 NW2d 60 (1995). However, although an offer of judgment under MCR 2.405 is a tool to promote settlement of a cause of action, *Luidens, supra,* it is different from settlement negotiations. In *Haberkorn v Chrysler Corp*, 210 Mich App 354, 378; 533 NW2d 373 (1995), we explained that an offer of judgment is distinct from an offer to settle:

> An offer of judgment is not the same as an offer to settle. An agreement to settle does not necessarily result in a judgment. Although it usually results in a stipulated order of dismissal with prejudice, such an order does not constitute an adjudication on the merits. It merely "signifies the final ending of a suit, not a final judgment on the controversy, but an end of that proceeding." 9A Michigan Law & Practice, Dismissal & Nonsuit, § 2, p 137. The plain language of MCR 2.405(A)(1) clearly requires an offer of judgment, not just an offer to settle.

Unlike the traditional settlement process that involves negotiations between the parties as well as compromise, an offer of judgment is a unilateral attempt to conclude a lawsuit without necessarily exercising arms length negotiations.

Recently, this Court addressed an issue similar to the issue at hand in *Vermilya v Carter Crompton Site Development Contractors, Inc*, 201 Mich App 467, 472-473; 506 NW2d 580 (1993). There, the question presented and the issue decided was where mediation settlements under MCR 2.403 fall in the continuum. In *Vermilya*, we determined that a satisfied mediation judgment bars claims against only the parties who participated in the mediation proceedings. In the present case, plaintiff urges resolution consistent with *Vermilya*.[5]

In *Vermilya, supra* at 469, a products liability action, all parties accepted the mediation panel's evaluation, and a consistent judgment was entered and fully satisfied. Thereafter, the plaintiff filed a separate action against a defendant who had not been a party to the mediation process. *Id.* at 469-470. Arguing that the satisfied mediation judgment barred the plaintiff from pursuing the action against it, the new defendant moved for summary disposition. *Id.* at 470. In reversing the trial court's grant of summary disposi-

---

[5] Plaintiff also relies on *Klawiter v Reurink*, 196 Mich App 263; 492 NW2d 801 (1992), which addresses whether a party can be held to contribution when that party did not participate in the mediation process. In *Klawiter*, this Court determined that the plaintiffs were required to claim contribution under the portion of the contribution statute that addresses contribution for settlement agreements, MCL 600.2925a(3); MSA 27A.2925(1)(3), not judgments, MCL 600.2925a(5); MSA 27A.2925(1)(5). *Klawiter, supra* at 266-268. We find *Klawiter* distinguishable from the case at hand because it discusses the notice requirement to potential contributees, which is not at issue here.

tion, this Court focused on the language of the court rule governing the effect of acceptance of a mediation evaluation, MCR 2.403(M), which then provided:

> (1) If all the parties accept the panel's evaluation, judgment will be entered in that amount. The judgment shall be deemed to dispose of all claims in the action and includes all fees, costs, and interest to the date of judgment.
>
> (2) In a case involving multiple parties, judgment shall be entered as to those opposing parties who have accepted the portions of the evaluation that apply to them.

On the basis of the specific language of MCR 2.403(M), this Court determined that "a judgment entered pursuant to a mediation evaluation can be effective against only those parties who actually participated in the action and cannot bind parties not privy to the proceedings." *Vermilya, supra* at 472-473. Further, this Court discussed the distinctions between the mediation process and an actual trial, explaining:

> [T]he process used to arrive at a mediation evaluation differs from the trial process in that under the mediation rule no fact finding is necessary, no formal opinion is issued, and the parties are significantly limited in the presentation of evidence. See, generally, MCR 2.403. In arriving at a mediation evaluation, the mediation panel considers factors similar to those considered in the settlement process; for example, the mediators may consider insurance policy limits, the certainty of the claim, and the likelihood of recovery from the defendants. Thus, the dollar figure suggested in a mediation panel's evaluation does not constitute the actual valuation of the plaintiff's damages, but, instead, suggests a settlement figure that is reached by considering the plaintiff's damages as one of several factors. [*Id.* at 473.]

From this discussion, it is evident that this Court has equated MCR 2.403 mediation to the settlement pro-

cess. In contrast, we think that MCR 2.405 offer of judgment is more akin to adjudication and entry of judgment based on the merits.

In our judgment, an offer of judgment more nearly emulates a judgment after a trial rather than a form of settlement. In our minds, the key defining point is that private party settlement or mediation involve collective consideration of the facts favoring each party, discussion of the issues, arms-length negotiation and compromise, and contemplation of both entry of judgment and dismissal of the action, whereas an offer of judgment is a unilateral act seeking final resolution of a controversy with sanction of a court by entry of an enforceable judgment. This unilateral act results from a party's independent evaluation of the merits of the case with an eye toward complete resolution of the matter. We find, for purposes of the contribution statute, that the satisfaction of a judgment entered pursuant to MCR 2.405 discharges other tortfeasors from liability for that injury. Accordingly, we hold that an accepted, entered, and satisfied offer of judgment in one cause of action precludes pursuit of a separate cause of action for the identical damages arising from the same incident and injuries, but against other tortfeasors.

IV

In summary, we hold that a judgment entered pursuant to the acceptance of an offer of judgment under MCR 2.405 functions as a full and final adjudication on the merits, and therefore, a satisfaction of a judgment so entered precludes a plaintiff from further relief from other alleged joint tortfeasors. In other words, a plaintiff is fully compensated and may seek

no further recovery for the same injury from other entities once a judgment entered pursuant to an offer of judgment is satisfied. Thus, in the present case, we find that plaintiff is precluded from pursuing a claim based on the incident and injuries against an additional joint tortfeasor, Mazda, where he has already obtained satisfaction of a judgment, albeit a judgment obtained through the offer of judgment process, against Ford that addresses the same incident and injuries. Hence, the trial court did not err in granting summary disposition in favor of Mazda.

Affirmed.