# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Estate of LUELLA EHRLINGER.

---

SHERRI WILSON, Personal Representative for
the Estate of LUELLA EHRLINGER,

       Plaintiff-Appellee,

v

PHILLIP A. DEAN, M.D. and MID-MICHIGAN
SURGICAL SPECIALISTS, P.C.,

       Defendants-Appellants,

and

COVENANT MEDICAL CENTER, INC.,

       Defendant.

UNPUBLISHED
October 15, 2015

No.  320417
Saginaw Circuit Court
LC No.  13-019719-NH

---

Before:  BOONSTRA, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM.

This medical malpractice case returns to this Court from our Supreme Court, which remanded for consideration as on leave granted. *Wilson v Dean*, 497 Mich 950; 858 NW2d 448 (2015).[1]  Defendants appeal the trial court's opinion and order denying defendants' motion for summary disposition under MCR 2.116(C)(7) (claim barred by immunity) and MCR 2.116(C)(8) (failure to state a claim for which relief could be granted).  Given the limited nature of plaintiff's remaining claims, we affirm and remand for further proceedings.

---

[1] This Court had denied defendant's motion for leave to appeal.  *Estate of Luella Ehrlinger v Phillip A Dean, MD*, unpublished order of the Court of Appeals, entered June 25, 2014 (Docket No. 320417).

I.  PERTINENT FACTS AND PROCEDURAL HISTORY

On July 3, 2009, the decedent, Luella Ehrlinger, was admitted to Covenant Medical Center for a surgical procedure to remove a portion of her bowel containing a malignant polyp. Defendant Philip Dean, M.D., performed surgery on Ehrlinger by removing a section of her bowel and reconnecting the two adjacent sections.  Plaintiff initially alleged that Dean did not perform the procedure "adequately" because subsequent events determined that there was a "leakage of bowel contents into the abdominal cavity" that Dean did not promptly detect. Plaintiff alleged that Dean performed another surgery on Ehrlinger on July 19, 2009, to remove a section of Ehrlinger's then necrotic bowel.

Notwithstanding the second procedure, Ehrlinger's health continued to decline and she became septic.  Ehrlinger remained in an intensive care unit until August 3, 2009, when she was transferred out of the unit with Dean's consent.  On August 4, 2009, Ehrlinger became unresponsive and suffered cardiopulmonary arrest requiring resuscitation.  Plaintiff alleged that Dean failed to examine Ehrlinger at all on August 4, and that he did not cause any other physician to examine her on his behalf.  Plaintiff alleged that Ehrlinger was on several medications and that she was particularly susceptible to the effects of the medications because of her weakened condition and sepsis.  Plaintiff alleged that Ehrlinger's medications, in combination with her weakened condition, resulting from Dean's failure to appropriately treat and monitor her, were a proximate cause of her cardiopulmonary arrest.  Ehrlinger's health continued to deteriorate, including brain injury and kidney failure.  She died on September 7, 2009.

Defendants filed a motion for summary disposition under MCR 2.116(C)(7) and MCR 2.116(C)(8).  They argued that plaintiff did not file an affidavit of merit in compliance with MCL 600.2912d, which requires that the physician signing the affidavit of merit must have board certification in the same specialty as the defendant.  Defendants asserted that the affidavit of merit executed by Todd C. Campbell, M.D., was insufficient because Dean was board-certified in colorectal surgery and general surgery, while Campbell was only board-certified in general surgery.  Defendants also argued that dismissal with prejudice is appropriate because filing a defective affidavit of merit does not toll the statute of limitations when an action is filed under the savings provision of MCL 600.5856, and because plaintiff therefore had filed the case after the running of the two-year statute of limitations.

Plaintiff responded by filing a motion to amend the affidavit under MCR 2.112 and MCR 2.118 and requested to additionally file the affidavit of Ralph Silverman, M.D., a physician board-certified both in general surgery and in colorectal surgery.  Plaintiff also proposed to amend Dr. Campbell's original affidavit of merit by having Silverman sign the affidavit after adding a section indicating that Silverman had read and agreed with the contents of Campbell's affidavit.  Plaintiff also argued that Campbell's affidavit was sufficient because the alleged malpractice did not require consideration of the standard of care specific to colorectal surgeons. Additionally, plaintiff filed a motion requesting leave to amend the complaint to remove paragraphs relating to malpractice stemming from the first surgery and to correct mistakes in the

complaint. The trial court denied defendant's motion for summary disposition and granted plaintiff leave to file the first amended complaint.[2]

While defendants' application for leave to appeal was pending in the Supreme Court, they filed a motion for summary disposition and/or motion in limine to preclude claims not supported by expert testimony. Plaintiff filed a response brief in which she agreed that her expert testimony did not support the malpractice claims against Dean relating to the first colorectal surgery, the alleged failure to order imagining studies after the first surgery, and any delay in performing the second surgery.[3] However, plaintiff asserted that expert testimony did support the malpractice claim relating to Dean's failure to monitor Ehrlinger on August 4, the day she lost consciousness. Upon learning of the Supreme Court's order remanding this matter, the trial court stayed all trial court proceedings until the completion of defendants' appeal in this Court.

## II. STANDARD OF REVIEW

We review de novo whether an affidavit of merit complies with the requirements of MCL 600.2912d, *Lucas v Awaad*, 299 Mich App 345, 377; 830 NW2d 141 (2013), as well as a court's decision on a motion for summary disposition, *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

MCR 2.116(C)(7) permits summary disposition where the claim is barred by an applicable statute of limitations. In reviewing a motion under subrule (C)(7), a court accepts as true the plaintiff's well-pleaded allegations of fact, construing them in the plaintiff's favor. *Hanley v Mazda Motor Corp*, 239 Mich App 596, 600; 609 NW2d 203 (2000). The Court must consider affidavits, pleadings, depositions, admissions, and any other documentary evidence submitted by the parties, to determine whether a genuine issue of material fact exists. *Id*. These materials are considered only to the extent that they are admissible in evidence. *In re Miltenberger Estate*, 275 Mich App 47, 51; 737 NW2d 513 (2007).

---

[2] It is unclear from the record whether plaintiff actually filed an amended complaint, or whether, upon the granting of leave to amend the complaint, the trial court and the parties deemed plaintiff's proposed amended complaint to have been filed. The filing of an amended complaint does not appear on the register of actions following the motion hearing, although a proposed amended complaint accompanied plaintiff's motion. Defendants do not make reference to the amended complaint, but erroneously state that the trial court did not consider plaintiff's motion to amend her complaint. Plaintiff states in her appellee brief that she "filed a proposed amended complaint" and that the amended complaint was "allowed by the court's order of January 29, 2014." In light of the trial court's order, we conclude that the proposed amended complaint filed with plaintiff's motion is or should be deemed to be the currently operative pleading in the trial court.

[3] Plaintiff never alleged any malpractice arising out of how the second surgery was performed.

A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the pleadings alone. MCR 2.116(G)(5); *Johnson-McIntosh v City of Detroit*, 266 Mich App 318, 322; 701 NW2d 179 (2005). "A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999) (citation and internal quotation marks omitted). "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Id*. In a medical malpractice case, an affidavit of merit is submitted as part of the pleadings. See *Barnett v Hidalgo*, 478 Mich 151, 161; 732 NW2d 472 (2007).

### III. ANALYSIS

MCL 600.2912d(1) provides in relevant part as follows:

Subject to subsection (2), the plaintiff in an action alleging medical malpractice or, if the plaintiff is represented by any attorney, the plaintiff's attorney shall file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under section 2169. . . .

MCL 600.2169(1)(a) provides:

(1) In an action alleging medical malpractice, a person shall not give expert testimony on the appropriate standard of practice or care unless the person is licensed as a health professional in this state or another state and meets the following criteria:

(a) If the party against whom or on whose behalf the testimony is offered is a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty as the party against whom or on whose behalf the testimony is offered. *However, if the party against whom or on whose behalf the testimony is offered is a specialist who is board certified, the expert witness must be a specialist who is board certified in that specialty.* [MCL 600.2169(1)(a) (emphasis added).]

Our Supreme Court has described how these two provisions interact:

Because the plaintiff's expert will be providing expert testimony on the appropriate or relevant standard of practice or care, not an inappropriate or irrelevant standard of practice or care, it follows that the plaintiff's expert witness must match the one most relevant standard of practice or care—the specialty engaged in by the defendant physician during the course of the alleged malpractice, and, if the defendant physician is board certified in that specialty, the plaintiff's expert must also be board certified in that specialty. [*Woodard v Custer*, 476 Mich 545, 560; 719 NW2d 842 (2006) (emphasis added).]

Thus, the resolution of this issue turns on which standard of care was most relevant to Dean's alleged malpractice. *Id*. Plaintiff and defendants admit that Dean is board-certified in

colorectal surgery and in general surgery, while affiant Campbell is board-certified in general surgery only.

Defendants contend that Dean's relevant specialty was colorectal surgery because Dean operated on Ehrlinger's colon and this action arises out of the colorectal surgeries he performed. However, plaintiff requested and received leave to amend the complaint to delete certain paragraphs alleging that Dean had violated the standard of care by failing to perform the first colorectal surgery in a competent manner. Under MCR 2.118(A)(4), "[u]nless otherwise indicated, an amended pleading supersedes the former pleading." Further, plaintiff does not allege malpractice with respect to the second surgery, and admitted before the lower court, and admits in this court, that the affidavit does not support allegations in the complaint related to alleged conduct by Dean between the first surgery and the second surgery.

As amended, and in conjunction with plaintiff's concessions, the complaint asserts malpractice based solely on Dean's failure to provide appropriate post-operative (after the second surgery) care and monitoring. Although the complaint also continues to include assertions that Dean failed to observe Ehrlinger's symptoms and correlate them to the possibility of bowel leakage after the first surgery, failed to order further imaging studies, and failed to surgically explore the area and perform the second surgery sooner, plaintiff has admitted that the affidavit of merit does not support these contentions.

Reading these assertions and concessions together, plaintiff alleges a malpractice claim based solely on a failure by Dean to provide appropriate post-operative care and monitoring following the second surgery. Nothing in the amended complaint suggests that any malpractice occurred during the colorectal surgeries themselves; further, plaintiff concedes that any theory that Dean committed malpractice between the first and second surgeries was not supported by the affidavit and will not be presented to the jury.[4] Thus, at the least, plaintiff could have a reasonable belief that the most relevant standard of care was that of a general surgeon, not a colorectal surgeon, relative to these remaining allegations. See MCL 600.2912d(1); *Hoffman v Barrett (On Remand)*, 295 Mich App 649, 663; 816 NW2d 455 (2012) ("Moreover, the obvious import of the affidavit of merit is not that defendant failed to do anything particularly relevant to

---

[4] In addition to the prior concessions, plaintiff acknowledged at oral argument that the allegations in the original complaint relating to the first surgery were not supported by the affidavit of merit, and that claims related to Dean's alleged failure to appreciate and act on decedent's declining health status between the two surgeries lack sufficient proof of proximate cause, such that plaintiff had agreed to the entry of partial summary disposition in favor of defendants on those claims. Plaintiff further expressly conceded at oral argument that all allegations other than those of Dean's alleged acts of malpractice occurring after the second surgery were "gone" and agreed that, if this case were remanded, the evidence to be presented to the jury would not be "tainted" by proofs relating to the events preceding those alleged acts of malpractice. Consequently, on remand, the trial court should ensure through its evidentiary rulings that plaintiff's concessions are given full effect.

thoracic surgery or medicine, but that defendant failed *generally* to treat the decedent properly.").[5]

Having found that the affidavit of merit was not defective in relation to plaintiff's remaining allegations concerning alleged failure to provide proper post-surgical care and monitoring following the second surgery, we need not reach the other issues raised on appeal. Going forward below, plaintiff's malpractice claim is limited to the allegation that Dean failed to provide post-surgical care following the second surgery or otherwise breached the standard of care applicable to general surgery from August 4, 2009 to the decedent's death.[6] The trial court should enter partial summary disposition for defendants on plaintiff's claims arising out of alleged conduct by Dean that occurred prior to August 4, 2009.

Affirmed and remanded for the entry of an order of partial summary disposition on plaintiff's allegations of malpractice related to Dean's alleged conduct during or between the two surgeries, and for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Henry William Saad
/s/ Joel P. Hoekstra

---

[5] Only the sufficiency of plaintiff's affidavit of merit (not the merits of plaintiff's allegations) is currently before the Court.

[6] Assuming the amended complaint is operative, these allegations are found in paragraphs 32 and 33 of the amended complaint. Portions of those paragraphs concerning alleged duties and conduct that occurred prior to August 4, 2009, as well as certain earlier paragraphs of the amended complaint, should be the subject of a partial summary disposition order on remand.