*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HORACE DAVIS, Personal Representative of the
ESTATE OF BRENDA DAVIS,

        Plaintiff-Appellant,

v

SPARROW HOSPITAL, EDWARD W. SPARROW
HOSPITAL ASSOCIATION, and DAVID D.
HAGAN, M.D.,

        Defendants-Appellees.

UNPUBLISHED
September 14, 2023

No. 361469
Ingham Circuit Court
LC No. 21-000334-NH

Before: GLEICHER, C.J., and JANSEN and RICK, JJ.

PER CURIAM.

In this medical-malpractice action, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendants under MCR 2.116(C)(7) (statute of limitations). In light of recent binding precedent issued by this Court, we agree with plaintiff and reverse the trial court's decision.

## I. FACTUAL BACKGROUND

This case involved the death of decedent, Brenda Davis. Davis presented at defendant Sparrow Hospital on August 23, 2018, with a forehead abrasion, abdominal pain, nausea, and vomiting. A scan showed that she likely had a small bowel obstruction. Dr. David Hagan performed a general surgical consult, which included diagnostic studies and scans. According to plaintiff, although there was evidence of a small bowel obstruction, Dr. Hagan failed to "start either conservative or surgical treatment," and the decedent's "condition continued to deteriorate during the hospitalization." On August 30, 2021, Dr. Hagan performed an exploratory laparotomy, which revealed that Davis was indeed suffering a bowel obstruction. However, her unstable condition apparently prevented Dr. Hagan from performing surgery to resolve the issue. Davis passed away the same day.

For purposes of this appeal, we assume an accrual date of August 23, 2018, which is the date that Davis first presented at the hospital with signs of a bowel obstruction. The applicable

statute of limitations provides that malpractice actions must be brought within two years. MCL 600.5805(8). Therefore, the end of the statutory period of limitations would have been August 24, 2020.[1] On June 12, 2020, plaintiff served his Notice of Intent (NOI) on defendants, which tolled the statutory limitations period for 182 days. See MCL 600.2912b(1). On May 20, 2021, plaintiff filed the complaint. Under normal circumstances, applying the tolling provision of MCL 600.5856(c), the deadline to file a complaint would have been February 22, 2021. However, the normal statutory time limits for this case were interrupted by the COVID-19 pandemic, which disrupted the day-to-day functioning of Michigan's courts.

On March 23, 2020, our Supreme Court entered AO 2020-3, which originally provided:

> In light of the continuing COVID-19 pandemic and to ensure continued access to courts, the Court orders that:
>
> For all deadlines applicable to the commencement of all civil and probate case-types, including but not limited to the deadline for the initial filing of a pleading under MCR 2.110 or a motion raising a defense or an objection to an initial pleading under MCR 2.116, and any statutory prerequisites to the filing of such a pleading or motion, any day that falls during the state of emergency declared by the Governor related to COVID-19 is not included for purposes of MCR 1.108(1).
>
> This order is intended to extend all deadlines pertaining to case initiation and the filing of initial responsive pleadings in civil and probate matters during the state of emergency declared by the Governor related to COVID-19. Nothing in this order precludes a court from ordering an expedited response to a complaint or motion in order to hear and resolve an emergency matter requiring immediate attention. We continue to encourage courts to conduct hearings remotely using two-way interactive video technology or other remote participation tools whenever possible.
>
> This order in no way prohibits or restricts a litigant from commencing a proceeding whenever the litigant chooses. Courts must have a system in place to allow filings without face-to-face contact to ensure that routine matters, such as filing of estates in probate court and appointment of a personal representative in a decedent's estate, may occur without unnecessary delay and be disposed via electronic or other means.

On May 1, 2020, our Supreme Court subsequently entered Amended AO 2020-3, 505 Mich cxliv (2020), which modified the fourth paragraph of the order to add that it "in no way prohibits or restricts a litigant from commencing a proceeding whenever the litigant chooses, *nor does it suspend or toll any time period that must elapse before the commencement of an action or*

---

[1] Two years from the accrual date of August 23, 2018, is August 23, 2020, and this is the date the parties utilize. However, this was a Sunday, which means that the actual date of expiration would have been August 24, 2020. See MCR 1.108(1).

*proceeding.*" (Emphasis added). Finally, on June 12, 2020, the Court entered AO 2020-18, which provided:

> In Administrative Order No. 2020-3, the Supreme Court issued an order excluding any days that fall during the State of Emergency declared by the Governor related to COVID-19 for purposes of determining the deadline applicable to the commencement of all civil and probate case types under MCR 1.108(1). Effective Saturday, June 20, 2020, that administrative order is rescinded, and the computation of time for those filings shall resume. For time periods that started before Administrative Order No. 2020-3 took effect, the filers shall have the same number of days to submit their filings on June 20, 2020, as they had when the exclusion went into effect on March 23, 2020. For filings with time periods that did not begin to run because of the exclusion period, the filers shall have the full periods for filing beginning on June 20, 2020.

Defendants filed their motion for summary disposition under MCR 2.116(C)(7), arguing that plaintiff's complaint was untimely because it fell outside the two-year statutory limitations period. Defendants contended that AO 2020-3 did not toll the statutory period of limitations for the emergency period between March 10, 2020 and June 20, 2020, because the AO applied only to statutory limitations periods that would expire *during* the emergency period, not to statutory periods that would expire *after* the emergency period. Alternatively, defendants contended that our Supreme Court lacked authority to modify the statute of limitations for medical malpractice via the AOs. Plaintiff countered that AO 2020-3 applied regardless of whether the statutory period expired during or after the emergency period and that our Supreme Court had authority under MCR 1.108 to determine by what method to calculate the two-year period for medical-malpractice actions.

The trial court agreed with defendants that plaintiff's claim was untimely. Regarding tolling, the trial court stated that the AOs applied only to deadlines that would have expired during the emergency period between March 10, 2020 and June 20, 2020, and not to all deadlines. Therefore, the trial court ruled that the statutory period of limitations expired on February 21, 2021. The trial court also noted that, contrary to defendants' argument, the Supreme Court had authority to issue COVID-19 administrative orders and to modify the applicable statute of limitations in response to the pandemic. The court ultimately granted defendants' motion for summary disposition. Plaintiff moved for reconsideration, which the trial court denied. This appeal followed.

## II. ANALYSIS

### A. STANDARD OF REVIEW

We review "de novo a trial court's decision on a motion for summary disposition, as well as questions of statutory interpretation and the construction and application of court rules." *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). A motion is properly granted pursuant to MCR 2.116(C)(7) when "[e]ntry of judgment, dismissal of the action, or other relief is appropriate because of . . . statute of limitations . . . ."

-3-

In reviewing a motion under MCR 2.116(C)(7), this Court accepts as true the plaintiff's well-pleaded allegations, construing them in the plaintiff's favor. We must consider affidavits, pleadings, depositions, admissions, and documentary evidence filed or submitted by the parties when determining whether a genuine issue of material fact exists. [*Hanley v Mazda Motor Corp*, 239 Mich App 596, 600; 609 NW2d 203 (2000) (citation omitted).]

"In the absence of disputed facts, whether a cause of action is barred by the applicable statute of limitations is a question of law, which this Court reviews de novo." *Carter v DTN Mgt Co*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket 360772); slip op at 3 n 1. "Furthermore, questions of law such as those involving the interpretation of statutes, court rules, and our Supreme Court's administrative orders are reviewed de novo." *Linstrom v Trinity Health-Mich*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 358487); slip op at 5.

## B. ADMINISTRATIVE ORDERS

Plaintiff argues that summary disposition was improper because the complaint was timely filed, given that AO 2020-3 excluded the emergency period between March 10, 2020 and June 20, 2020, from the calculation of the two-year statutory limitations period. We agree.

The same principles governing the interpretation of court rules apply to the interpretation of administrative orders. *Hubbard v Stier*, ___ Mich App ___, ___; ___ NW2d ___ (2013) (Docket No. 357791); slip op at 4. "[W]e read an administrative order as a whole, reading the individual words and phrases in context, giving effect to every word and phrase, and avoiding an interpretation that would render any part surplusage or nugatory." *Id*. at ___; slip op at 4-5. We will enforce unambiguous language as it is written without speculation about our Supreme Court's intent. *Id*. at ___; slip op at 5.

Under the Revised Judicature Act of 1961, MCL 600.101 *et seq*., the statutory limitations period for medical-malpractice claims is two years. MCL 600.5805(8). MCL 600.2912b(1) requires that, not less than 182 days before a malpractice complaint is filed, a plaintiff must serve an NOI on the defendants. The NOI tolls the two-year statutory limitations period "if during that period a claim would be barred by the statute of limitations or repose . . . ." MCL 600.5856(c). Moreover, "the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given." *Id*.

AO 2020-3 states, in relevant part:

> For all deadlines applicable to the commencement of all civil and probate case-types, including but not limited to the deadline for the initial filing of a pleading under MCR 2.110 or a motion raising a defense or an objection to an initial pleading under MCR 2.116, and any statutory prerequisites to the filing of such a pleading or motion, any day that falls during the state of emergency declared by the Governor related to COVID-19 is not included for purposes of MCR 1.108(1).

This order is intended to extend all deadlines pertaining to case initiation and the filing of initial responsive pleadings in civil and probate matters during the state of emergency declared by the Governor related to COVID-19.

MCR 1.108(1) provides:

In computing a period of time prescribed or allowed by these rules, by court order, or by statute, the following rules apply:

(1) The day of the act, event, or default after which the designated period of time begins to run is not included. The last day of the period is included, unless it is a Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order; in that event the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order.

The parties' primary dispute is whether AO 2020-3 excluded the emergency period between March 10, 2020 and June 20, 2020, for statutory limitations periods that expired *after* the emergency period ended, as defendants argue and the trial court held. Recently, we have explicitly rejected this position.

In *Carter*, ___ Mich App at ___; slip op at 1, 3, we accepted the plaintiff's argument that AO 2020-3 applied to statutory periods of limitations that expired *after* the emergency period ended. The plaintiff alleged that on January 10, 2018, she slipped and fell on ice on property owned by the defendant. *Id*. at ___; slip op at 1. She filed her complaint on April 13, 2021. *Id*. The statutory period of limitations for personal-injury claims is three years, which meant that, under normal circumstances, her complaint would have been untimely. *Id*. The defendant moved for summary disposition, reasoning that AO 2020-3 did not apply to the plaintiff's claim because the statutory period of limitations was set to expire in January 2021, which was long after the emergency period ended on June 20, 2020. *Carter*, ___ Mich App at ___; slip op at 2-3. The trial court agreed with the defendant. *Id*. at ___; slip op at 3.

In reversing the trial court's decision, this Court stated that, "under AO 2020-3 and MCR 1.108(1), *any day falling during the state of emergency* does not count toward determining the last day of a statutory limitations period." *Carter*, ___ Mich App at ___; slip op at 4 (emphasis added). We explicitly rejected the trial court's rationale that AO 2020-3 excluded only those periods that fell within the emergency period. *Id*. Instead, we held that the AO applied to "*any day* within the state of emergency." *Id*. We stated that this interpretation was supported by AO 2020-18:

AO 2020-18 establishes two categories of parties—one whose filings periods began to run before AO 2020-3 took effect on March 23, 2020, and one whose filing periods began to run on or after March 23, 2020. Plaintiff falls in the first category, and she therefore has "the same number of days to submit [her] filings on June 20, 2020, as [she] had when the exclusion went into effect on March 23, 2020." *There is no language in AO 2020-18 limiting the first category to those whose filing deadline fell within the state of emergency*. The second

category identified by the Supreme Court also undermines defendants' interpretation of the administrative orders. That is, the second category concerns those whose time period did not begin to run because of AO 2020-3 and therefore could not have expired during the state of emergency. This demonstrates that *all litigants whose limitations periods had not expired prior to the adoption of AO 2020-3 were entitled to the exclusion of days under AO 2020-3.* [*Carter*, ___ Mich App at ___; slip op at 4 (emphasis added; alterations in original).]

Therefore, we held that "the trial court erred by holding that AO 2020-3 did not apply to this case. And applying the administrative orders in this case, we conclude that plaintiff's complaint was timely filed." *Id.*

Just as in *Carter*, plaintiff's statutory deadline in this case was set to expire after the emergency period. However, our Supreme Court excluded this period even for those whose deadlines did not expire within the emergency period. Moreover, the *entirety* of the emergency period was excluded from calculating the two-year statutory limitations period under MCR 1.108. When plaintiff served the NOI on June 12, 2020, there were 73 days remaining until the two-year statutory period of limitations expired on August 24, 2020. The entire 102 days between March 10, 2020 and June 12, 2020, were tolled despite serving the NOI. This meant that plaintiff had a total of 175 days remaining in the statutory period of limitations. The 182-day waiting period for the NOI expired on December 11, 2020, at which point the remaining 175-day statutory period of limitations began to run. Accordingly, plaintiff had until June 4, 2021, to file the complaint. Plaintiff filed said complaint on May 20, 2021, which made the complaint timely. The trial court erred by concluding otherwise and by granting summary disposition in defendants' favor.

## C. SUPREME COURT AUTHORITY

Defendants alternatively contend that, even if AO 2020-3 attempted to toll the two-year statutory period of limitations, it was beyond our Supreme Court's authority to do so. We disagree.

As we recently explained:

The Supreme Court has constitutional authority to "establish, modify, amend, and simplify the practice and procedure in all courts of this state." Const 1963, art 6, § 5. "This is generally accomplished by the issuance of administrative orders and the promulgation of court rules." *People v Taylor*, ___ Mich ___, ___; ___ NW2d ___ (2022) (Docket No. 154994); slip op at 11 n 11. The Supreme [Court] is not authorized, however, to issue orders or enact court rules "that establish, abrogate, or modify the substantive law." *McDougall v Schanz*, 461 Mich 15, 27; 597 NW2d 148 (1999). "[M]atters of substantive law are left to the Legislature." *People v Cornell*, 466 Mich 335, 353; 646 NW2d 127 (2002). [*Carter*, ___ Mich App at ___; slip op at 5.]

We have already expressly rejected defendants' argument. In *Carter*, ___Mich App at ___; slip op at 6, we stated that the AOs were constitutional. In concluding that the AOs were constitutional, we reasoned that AO 2020-3 merely modified "the computation of days under MCR 1.108 for purposes of determining filing deadlines, which is plainly a procedural matter." *Carter*, ___ Mich

App at ___; slip op at 6. We noted that MCR 1.108(1) on its own could sometimes result in more time being afforded than would otherwise be under a statute of limitations, and we determined that this demonstrated that "[t]he law of counting time favors this approach, i.e., granting more rather than less than time to file than permitted by statute, to ensure that the parties receive the entire amount of time for filing that they are entitled to." *Carter*, ___ Mich App at ___; slip op at 6.

We concluded that this was "precisely what the Supreme Court was trying to accomplish with AO 2020-3, which was issued when there were court closings because of the COVID-19 pandemic." *Carter*, ___ Mich App at ___; slip op at 6. Additionally, we rejected framing the "issue as a dichotomous choice between substantive and procedural law" because "the Court was also clearly concerned with limiting in-person interactions and protecting court staff and the public from COVID-19." *Id*. Accordingly, we concluded that "the Supreme Court had authority to manage the operations of Michigan courts amidst a global pandemic" and that AO 2020-3 was constitutional. *Carter*, ___ Mich App at ___; slip op at 6. Thus, defendants' argument lacks merit.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Michelle M. Rick